(Court of Criminal Appeals of Texas. June 3, 1914. On Motion for Rehearing, June 26, 1914.)

1. CRIMINAL LAW (§ 1028*)—APPEAL—SCOPE OF REVIEW.

Where no exceptions were reserved to the introduction of testimony, and no objections were made to the court's charge, or any special charges requested, the only question reviewable on appeal is the sufficiency of the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2619, 2620; Dec. Dig. § 1028.*]

On Motion for Rehearing.

2. CRIMINAL LAW (§ 1208*)—PUNISHMENT—INDETERMINATE SENTENCE.

Where accused was convicted of violating the local prohibition law, he was entitled to an indeterminate sentence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3281–3287, 3289–3295; Dec. Dig. § 1208.*]

Appeal from District Court, Montague County; C. F. Spencer, Judge.

Hugh Jarrot was convicted of violating the local prohibition law, and he appeals. Sentence reformed on rehearing, and motion overruled.

T. H. Yarbrough, of St. Joe, and J. S. Jameson, of Montague, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of violating the local prohibition law, and his punishment assessed at two years' confinement in the state penitentiary.

[1] No exceptions were reserved to the introduction of testimony, no objections were made to the charge of the court when submitted to counsel, and no special charges were requested. Consequently the only question presented for a review is the sufficiency of the testimony.

The facts and circumstances in evidence fully sustains the verdict, and the judgment is affirmed.

On Motion for Rehearing.

[2] The only ground stated in appellant's motion for rehearing complains of the action of the court in sentencing appellant to a definite term of imprisonment, instead of passing on him an indeterminate sentence. Our attention was not called to this on the original hearing, and as appellant is correct in his contention, the sentence will be reformed and corrected, so as to hereafter read that appellant shall be confined in the penitentiary for a term not less than one nor more than two years, and the clerk of the court will enter up a proper order, correcting and reforming the sentence.

Sentence reformed, and motion for rehearing overruled.

---

### RUSSELL v. STATE. (No. 3160.)

(Court of Criminal Appeals of Texas. June 10, 1914.)

1. CRIMINAL LAW (§ 1099*)—STATEMENT OF FACTS—SETTLEMENT, SIGNING, AND FILING.

A statement of facts, not signed by the attorneys, nor approved by the court, will not be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

2. CRIMINAL LAW (§ 1092*)—BILL OF EXCEPTIONS—SETTLEMENT, SIGNING, AND FILING.

A bill of exceptions, which does not show that it was filed in the trial court, though approved by the judge, will not be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. § 1092.*]

Appeal from Milam County Court; John Watson, Judge.

John Russell was convicted of misdemeanor theft, and he appeals. Affirmed.

Lyles & Lyles, of Cameron, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. [1] Appellant was convicted of misdemeanor theft. The statement of facts found in the record was not signed

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

by the attorneys, nor approved by the court. Therefore it cannot be considered.

[2] There is a bill of exceptions in the record also; but this does not show to have been filed in the trial court, although approved by the judge. As these matters are presented, they cannot be considered by the court, and in their absence the matters urged for reversal cannot be reviewed.

The judgment is affirmed.